IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| NANCY EILAND § | |
| § | |
| V. § | CIVIL ACTION NO. G-11-510 |
| § | |
| TEXAS FARMERS INSURANCE § | |
| COMPANY § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties, is the Motion for Summary Judgment of Defendant, Texas Farmers Insurance Company (Farmers); the Motion seeks the dismissal of the Original Petition of Plaintiff, Nancy Eiland, which was removed to this Court on November 14, 2011. The Motion has been briefed and is ripe for determination.

Eiland owns a secondary residence located at 428 Pin Oak Lane, in Magnolia, Texas, that was insured under a Standard Flood Insurance Policy (SFIP) issued by Farmers, a WYO carrier in the National Flood Insurance Program, when it was damaged during Hurricane Ike in September 2008. Eiland notified Farmers of her damages. Farmers sent an adjuster to inspect the property. The adjuster found that all of the damage was caused by wind or rain, not flooding, and recommended that Eiland's claim be rejected. On December 22, 2008, Farmers issued a denial letter based upon the adjuster's findings and recommendation. On August 27, 2010, Eiland sued Farmers for breach of contract and other extra-contractual claims. The sole remaining claim is the breach of contract claim.

Farmers moved for summary judgment on the basis that, *inter alia*, Eiland never submitted a signed and sworn Proof of Loss as required by Article VII(J)(4) of the SFIP. Eiland concedes that she failed to do so, but argues that by providing correspondence and documents "throughout the adjustment of her flood claim" she sufficiently complied with the Proof of Loss requirement. This Court respectfully disagrees.

It is beyond doubt that a lawsuit for insurance benefits under an SFIP cannot be legitimately pursued unless the insured strictly complies with all of the policy's requirements, including the submission of a timely signed and sworn Proof of Loss. Eiland never submitted a Proof of Loss at all and the time in which to do so expired on August 9, 2009. Eiland's failure to submit a Proof of Loss is fatal to her claim, regardless of its merits.

Insofar as Eiland is arguing that FEMA somehow waived the timely filing requirement because Farmers continued to correspond with her about the claim, her position is foreclosed by Wagner v. Director, Federal Emergency Management Agency, 847 F.2d 515, 523 (9th Cir. 1988), which held that answering an insured's inquiries or considering new information does not constitute a waiver. Eiland also argues that due to health problems she "did not become aware she needed legal assistance (with her claim) until 2010." She, therefore, concludes that, as in BellSouth Telecom Inc. v. W.R. Grace & Co., 77 F.3d 603, 610-611 (2d Cir. 1996), "there is a genuine issue of material fact about when limitations began to run for (her) claim" and summary judgment is not proper. Eiland's reliance is misplaced. BellSouth involved asbestos exposure claims and addressed the applicability of the well-established "Discovery Rule" which applies to injuries which initially are inherently difficult to detect. Property

damage caused during a hurricane is not an initially undetectable injury. Consequently, the Discovery Rule has no application to the facts in this case.

For the foregoing reasons, it is **ORDERED** that the "Motion for Summary Judgment" (Instrument no. 19) of Defendant, Texas Farmers Insurance Company, is **GRANTED** and the Original Petition of Plaintiff, Nancy Eiland, is **DISMISSED in its entirety**.

**DONE** at Galveston, Texas, this ____14th____ day of January, 2014.

John R. Froeschner
United States Magistrate Judge